IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**INFINITY AIR, INC.,**

        Plaintiff,

   v.

**ECHO GLOBAL LOGISTICS, INC., and GIZMO TRUCKING LLC,**

        Defendants.

No. 3:13-cv-00307-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Defendant Echo Global Logistics, Inc. ("Echo") has filed a motion to dismiss or transfer [9] under Federal Rule of Civil Procedure 12(b)(3). The key issue before me is whether the Carmack Amendment to the Interstate Commerce Act applies to Echo and thus prohibits the enforcement of a forum selection clause in a contract between the parties. Based on my finding that the Carmack Amendment does not apply to Echo, I GRANT IN PART Echo's motion to dismiss or transfer.

1 – OPINION AND ORDER

## FACTS

Echo is an Illinois-based corporation that acts as a third party broker for its customers to negotiate and secure agreements with carriers or shippers for the pick-up and delivery of freight or cargo throughout the United States. (Leckow Decl. [11] ¶ 3.) The pick-up and shipment of a customer's goods are undertaken by the freight haulers that Echo retains on behalf of its customers. (*Id*. [11].) Echo, however, is not involved in the physical pick-up, shipping, or delivery of the customer's goods. (*Id*. [11].)

Echo requires its customers to execute an Application for Credit that sets forth the general terms and conditions applicable to Echo's services. (*Id*. [11] ¶ 4.) This application includes two relevant provisions. First, it provides that the terms and conditions described on Echo's website are incorporated into the application: ". . . I/we expressly agree that the additional terms and conditions listed at www.echo.com/tc are expressly incorporated into this Agreement." (*Id*. [11] Ex. 1). The terms and conditions on Echo's website, in turn, include the following forum selection clause:

> Forum Selection and Choice of Law—Any claim, dispute or litigation relating to these Terms and Conditions, any shipment scheduled or tendered hereunder or through ECHO's website, or relating to any and all disputes between ECHO and the enrolled Customer, Shipper and/or Consignee and/or Brokers for any enrolled Customer, Shipper and/or Consignee, shall be filed in the District Court of Cook County, Illinois or in the United States District Court for the Northern District of Illinois in Chicago and shall be subject to Illinois law.

(*Id*. [11] Ex. 2.) Second, the application includes an additional forum selection clause: "I/We agree that all disputes with Echo will be subject to jurisdiction and resolution in Chicago, IL." (*Id*. [11] Ex. 1.)

On September 8, 2008, plaintiff Infinity Air, Inc. ("Infinity") executed Echo's credit application (the "Agreement"). (Leckow Decl. [11] Ex. 1.) Pursuant to that agreement, Echo

2 – OPINION AND ORDER

retained the services of defendant Gizmo Trucking LLC ("Gizmo") to ship an aircraft spare part from New Mexico to Washington for Infinity. (Compl. [1] ¶¶ 6, 8.) Infinity claims the part was damaged in route and asserts a single claim for relief under the Carmack Amendment against both Echo and Gizmo. (*Id*. [1] ¶¶ 10–11.)

## LEGAL STANDARD

"A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3)." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Under Rule 12(b)(3), pleadings need not be accepted as true, and facts outside the pleadings may be considered. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

## ANALYSIS

Echo argues that by filing its complaint in this Court, Infinity has ignored the Agreement's two forum selection clauses, which purportedly require that all disputes be resolved in Chicago, Illinois. (Mem. [10] at 2.) In response, Infinity contends that the Carmack Amendment prohibits the enforcement of forum selection clauses in cases like this one. (Resp. [12] at 1.) I agree with Echo: the Carmack Amendment does not apply to Echo, and the Agreement between the parties requires that this case be transferred to the United States District Court for the Northern District of Illinois.

**I.**     <u>**Carmack Amendment**</u>

The Carmack Amendment is a part of the Interstate Commerce Act, which "provides the exclusive cause of action for interstate shipping contract claims." *White v. Mayflower Transit, LLC*, 543 F.3d 581, 584 (9th Cir. 2008). Infinity asserts a claim under 49 U.S.C. § 14706(a)(1), which provides as follows:

> A *carrier* providing transportation or service . . . shall issue a receipt or bill of
> lading for property it receives for transportation under this part. That *carrier* and

3 – OPINION AND ORDER

> any other *carrier* that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading.

(emphasis added). According to Infinity, Echo is a carrier "providing transportation or services" such that its potential liability falls within § 14706(a)(1). Consequently, venue should be determined by the Carmack Amendment's venue provision, which provides as follows:

> Civil Actions.—
>
> (1) Against delivering *carrier*.— A civil action under this section may be brought against a delivering *carrier* in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant *carrier* operates.
>
> (2) Against *carrier* responsible for loss.—A civil action under this section may be brought against the *carrier* alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

*Id*. § 14706(d) (emphasis added). Therefore, because defendants operate in Oregon, Infinity claims that venue is proper under § 14706(d)(2). (Compl. [1] ¶ 2.)

Furthermore, as Infinity correctly points out, one of the "inalienable requirements" of the Carmack Amendment "is that the shipper be permitted to sue in certain venues when a dispute arises." *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121 (9th Cir. 2011). Therefore, where § 14706 applies, it prohibits enforcement of forum selection clauses.

The problem for Infinity here is that Echo cannot be held liable under § 14706. As the language emphasized above makes clear, § 14706 imposes liability on a *carrier* for all losses relating to goods it transports in interstate commerce. It imposes no liability on brokers, and brokers and carriers are distinct under the Act. A "broker" is defined as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling,

4 – OPINION AND ORDER

providing, or arranging for, transportation by a motor carrier for compensation." 49 U.S.C. § 13102(2). In contrast, a "motor carrier" is defined as "a person providing motor vehicle transportation for compensation." *Id*. § 13102(14). Applying these definitions to the facts at hand, Echo is a broker. Rather than actually providing motor vehicle transportation for compensation, Echo arranges for transportation by motor carriers for compensation.[1] Therefore, the Carmack Amendment does not apply to Echo and, as a result, cannot prohibit enforcement of the Agreement's forum selection clauses.

## II.      Forum Selection Clauses

Without interference from the Carmack Amendment, I now take up the Agreement's forum selection clauses. In the Ninth Circuit, the enforceability of a forum selection clause is a matter of federal procedural law. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). "Moreover, because enforcement of a forum selection clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to the interpretation of forum selection clauses." *Id*.

In *The Bremen v. Zapata Off-Shore Co.*, the Supreme Court, sitting in admiralty, held that forum selection clauses are prima facie valid and should not be set aside unless the party challenging their enforcement can show they are "'unreasonable' under the circumstances." 407 U.S. 1, 10 (1972). The Supreme Court and Ninth Circuit have construed this exception narrowly:

---

[1] The definition of "transportation" does not alter my analysis. Section 13102(23)(B) states that "transportation" includes "services related to [the] movement [of passengers or property], including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, handling, packing, unpacking, and interchange of passengers and property." If the definition of "motor carrier" incorporated the definition of "transportation" and extended to any person "arranging for [the movement of] . . . property," brokers would cease to exist under the Act. I decline to read the definition of "motor carrier" in a way that renders the definition of "broker" meaningless. Applying the canon of statutory construction *noscitur a sociis*, I interpret the general term "arranging for" to be similar to the other specific terms in the series, which all relate to the conduct of the actual transporter. Because Echo did not "arrange for" the movement of property in this more limited sense, it is a broker rather than a motor carrier under the Act.

5 – OPINION AND ORDER

> A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court," or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

*Argueta*, 87 F.3d at 325 (citations omitted). This is clearly the appropriate standard for admiralty cases.

In *Stewart Organization, Inc. v. Ricoh Corp.*, the Supreme Court addressed the question of whether to apply *The Bremen* in diversity cases. 487 U.S. 22 (1988). The Court disagreed with "the [lower] court's articulation of the relevant inquiry as 'whether the forum selection clause in this case is unenforceable under the standards set forth in *The Bremen*.'" *Id*. at 28. Instead, the Supreme Court held that a federal court sitting in diversity should treat a request to enforce a forum selection clause as a motion to transfer venue under 28 U.S.C. § 1404(a). Therefore, although "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus," under § 1404(a), the district court must "weigh in the balance a number of [other] case-specific factors." *Id*. at 29.

> Wright and Miller maintain that
> 
> The combined rule of these cases is that a federal court sitting in admiralty jurisdiction should apply a forum selection clause if it is "reasonable," but a federal court sitting in diversity or federal question jurisdiction should take the clause into account only as one element in the balancing test required by Section 1404(a).

14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (3d ed. 2013). In my view, this would be the proper approach. Wright and Miller note, however, that "many lower federal courts have failed to distinguish between the approach taken in [*The Bremen* and its progeny] and that taken in *Stewart*." *Id*.

Although the Ninth Circuit has not fully discussed this issue, it falls in the camp that has chosen to apply the standard articulated in *The Bremen* even to non-admiralty cases. *See Doe 1*, 87 F.3d at 325; *Argueta*, 87 F.3d at 325; *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991); *Manetti-Farrow*, 858 F.2d at 513; *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984). I therefore analyze the Agreement's forum selection clauses under *The Bremen*.[2]

Infinity does not allege (1) that the forum selection clauses were incorporated into the Agreement through fraud, undue influence, or overweening bargaining power; (2) that the Northern District of Illinois is so "gravely difficult and inconvenient" that transfer would deprive Infinity of its day in court; or (3) that enforcement would contravene a strong public policy of the State of Oregon. Instead, Infinity argues that the forum selection clauses apply only to litigation related to credit and payment issues. Accordingly, because this is not a credit dispute, the forum selection clauses in the Agreement are irrelevant. This argument is based primarily on the fact that the Agreement is styled as an Application for Credit. (Resp. [12] at 9–13.)

I disagree. Under the federal common law of contracts,

> A written contract must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations. Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first. The fact that the parties dispute a contract's meaning does not establish that the contract is ambiguous; it is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation.

*Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999) (citations omitted). Giving the language of the forum selection clauses their ordinary meaning, the intent of the parties is clear. The document itself states that "*all* disputes with Echo will be

---

[2] In any event, the result in this case would likely be the same under § 1404(a).

7 – OPINION AND ORDER

subject to jurisdiction and resolution in Chicago, IL." (Leckow Decl. [11] Ex. 1) (emphasis added). Even were this clause, standing alone, ambiguous, the forum selection clause from Echo's website, which is expressly incorporate into the Agreement, would remove any ambiguity. It states that

> Any claim, dispute or litigation relating to . . . any shipment scheduled or tendered hereunder . . . , or relating to any and all disputes between ECHO and the enrolled Customer, Shipper and/or Consignee and/or Brokers for any enrolled Customer, Shipper and/or Consignee, shall be filed in [Chicago, Illinois] and shall be subject to Illinois law.

(*Id*. [11] Ex. 2.) This clause is not limited to credit disputes. It specifically covers all claims relating to shipments and all disputes between Echo, customers, shippers, consignees, and brokers. Therefore, based on the clear terms of the Agreement and the absence of even alleged facts that would render the forum selection clauses unreasonable under *The Bremen*, I find that the Agreement's forum selection clauses are enforceable.[3]

## CONCLUSION

For the foregoing reasons, Echo's motion to dismiss or transfer [9] is GRANTED IN PART. This case is transferred to the United States District Court for the Northern District of Illinois. In addition, Echo's motion to strike Infinity's unauthorized sur-reply [16] is GRANTED based on Infinity's failure to comply with Local Rule 7-1(e)(3).

IT IS SO ORDERED.

DATED this   20th   day of June, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[3] Neither Echo nor Infinity has addressed the relevance of Gizmo to my analysis here, and Gizmo has not yet appeared in this action.

8 – OPINION AND ORDER